USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAND ENGAGEMENT NETWORK, INC.,

Plaintiff,

v.

AFG COMPANIES, INC.,

Defendant.

AFG COMPANIES, INC.,

Counterclaim-Plaintiff

v.

BRAND ENGAGEMENT NETWORK INC., MICHAEL TODD LUCAS, PATRICK NUNALLY, PAUL CHANG, and CHRISTOPHER GAERTNER.

Counterclaim-Defendants.

25 Civ. 2245 (CM)

**STIPULATION OF CONFIDENTIALITY AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;
- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- to adequately protect information the parties are entitled to keep confidential;
- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 2 of 10

- to address the handling of confidential materials at the end of the litigation; and
- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

It is hereby stipulated by and between the parties:

**1. Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**2. Attorneys' Eyes Only Information**

"Attorneys' Eyes Only Information" means any information of any type, kind, or character that is designated as "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**3. Qualified Persons**

"Qualified Persons" in the context of Confidential Information means:

a. the party, if a natural person;

b. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential Information, are bound by the terms of this Protective Order;

c. in-house and outside counsel for the parties in the Cases and their respective staff;

d. this Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with the Cases;

e. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with the Cases (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential Information are bound by the terms of this Protective Order;

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 3 of 10

f. jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential Information are bound by the terms of this Protective Order;

g. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

h. any person who was an author, addressee, or intended or authorized recipient of the Confidential information, provided that such persons may see and use the Confidential Information but not retain a copy; and

i. such other person or persons as this Court may designate after notice and an opportunity to be heard.

"Qualified Persons" in the context of Attorneys' Eyes Only Information means:

a. outside counsel for the parties in the Cases and their respective staff;

b. this Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with the Cases;

c. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with the Cases (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Attorneys' Eyes Only Information are bound by the terms of this Protective Order;

d. jury and trial consultants and their staff and mock jurors who, by their receipt of Attorneys' Eyes Only Information are bound by the terms of this Protective Order;

e. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

f. any person who was an author, addressee, or intended or authorized recipient of the Attorneys' Eyes Only Information, provided that such persons may see and use the Attorneys' Eyes Only Information but not retain a copy; and

g. such other person or persons as this Court may designate after notice and an opportunity to be heard.

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 4 of 10

**4. Designation Criteria**

a. A party shall designate as "Confidential" such information that the party in good faith believes in fact is confidential, including but not limited to trade secrets, proprietary financial information, operational data, business plans, competitive analyses, personnel files, sensitive personal information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b. A party shall designate as "Attorneys' Eyes Only" such information that the party in good faith believes in fact is highly sensitive business information, the disclosure of which is highly likely to cause significant harm to the business or competitive position of the designating party.

**5. Use of Confidential Information and Attorneys' Eyes Only Information**

The parties agree that documents and information disclosed in the course of litigating the parties' disputes, including the Confidential Information and Attorneys' Eyes Only Information, shall be used solely for the purpose of preparation, trial, and appeal of the following cases:

- Cause No. 048-352249-24, pending in the 48th Judicial District Court of Tarrant County, Texas;
- Case No. 3:25-cv-00114-S-BN, pending in the United States District Court for the Northern District of Texas; and
- Case No. 1:25-cv-02245-CM, pending in the United States District Court for the Southern District of New York.

(the above-listed cases referred to herein collectively as the "Cases").

The parties further agree to, if necessary, file a Joint Motion for Entry of Agreed Protective Order in each of the Cases and to submit this document as a proposed Agreed Protective Order, subject to any changes that may be required by the different jurisdictions or courts. The parties stipulate that, even if not entered on the docket in each of the Cases, the terms of this Protective Order are enforceable under Federal Rule of Civil Procedure 29 and Texas Rule of Civil Procedure 11.

The parties agree that nothing herein waives the right of a party to claw back, snap back, or otherwise seek the return or destruction of inadvertently disclosed materials protected by the attorney-client privilege or work-product doctrine pursuant to the laws and rules of the courts and jurisdictions governing the Cases.

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 5 of 10

**6. Universal Use of Discovery**

The parties agree that documents and information disclosed in the course of litigating any of the Cases may be used for the preparation, trial, and appeal of each of the Cases unless otherwise ordered by the courts thereof.

**7. Marking of Documents**

Documents provided in the Cases may be designated by the producing person or by any party as Confidential information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential Information or Attorneys' Eyes Only Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**8. Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of the Cases, or (b) the deposition of a nonparty may be designated by any party as Confidential Information or Attorneys' Eyes Only Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only."

Any party also may designate information disclosed at a deposition as Confidential Information or Attorneys' Eyes Only Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information or Attorneys' Eyes Only Information. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

To the extent possible. the court reporter shall segregate into separate transcripts information designated as Confidential Information and Attorneys' Eyes Only Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Confidential Information and Attorneys' Eyes Only Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information or Attorneys' Eyes Only Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information or Attorneys' Eyes Only Information is being used or discussed.

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 6 of 10

**9. Disclosure to Qualified Persons**

Confidential Information and Attorneys' Eyes Only Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

**10. Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information or Attorneys' Eyes Only Information later may be designated and shall be treated as Confidential Information or Attorneys' Eyes Only Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or Attorneys' Eyes Only Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**11. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information or Attorneys' Eyes Only Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information or Attorneys' Eyes Only Information in the pre-trial or trial examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information or Attorneys' Eyes Only Information, irrespective of which party produced such information.

**12. Challenging the Designation of Confidential Information or Attorneys' Eyes Only Information**

A party shall not be obligated to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to the Cases disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Attorneys' Eyes Only Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information or Attorneys' Eyes Only Information. The designating party shall then have 14 days to move the Court for an order

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 7 of 10

preserving the designated status of the disputed information. The disputed information shall retain its designation as Confidential or Attorneys' Eyes Only unless the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information or Attorneys' Eyes Only Information.

**13. Challenging Release of Confidential Information and Attorneys' Eyes Only Information to Qualified Persons**

In the event that any party in good faith believes that a particular Qualified Person or the disclosure of particular Confidential Information or Attorneys' Eyes Only Information to such person should be precluded, the objecting party shall give written notice to the opposing party and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the written notice to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential Information or Attorneys' Eyes Only Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Confidential Information or Attorneys' Eyes Only Information shall be made to the disputed person unless the Court enters an order preserving the designation.

**14. Manner of Use in Proceedings**

In the event a party wishes to use any Confidential Information or Attorneys' Eyes Only Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in the Cases, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions), provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Confidential Information or Attorneys' Eyes Only Information at a hearing or trial and the status of Confidential Information or Attorneys' Eyes Only Information resulting from any such use will be determined by the Court.

**15. Filing Under Seal**

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential Information or Attorneys' Eyes Only Information by any party to this litigation consistent with the sealing requirements of the Court.

**16. Return of Documents**

Not later than 120 days after conclusion of litigation in the Cases litigation and any appeal related to them, any Confidential Information or Attorneys' Eyes Only Information, all

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 8 of 10

reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 shall be returned to the producing party or destroyed, except as a court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, and need not destroy Confidential Information or Attorneys' Eyes Only Information contained in their email, word processing, and document management systems (such as iManage or NetDocs, but excluding an e-discovery hosting platform or any system performing comparable functions), but must maintain their confidentiality.

**17. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in the Cases, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of the Cases, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**18. Duty to Ensure Compliance**

Any party providing Confidential Information or Attorneys' Eyes Only Information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**19. Waiver**

Pursuant to Federal Rule of Evidence 502 and Texas Rule of Evidence 503, neither the attorney-client privilege nor work- product protection is waived by disclosure connected with the Cases.

**20. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 9 of 10

**ADDENDUM REQUIRED BY JUDGE McMAHON**

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Case 1:25-cv-02245-CM Document 67-1 Filed 07/10/26 Page 10 of 10

Dated: July 9, 2026

**KATSKY KORINS LLP**

By: /s/ Daniel R. Walfish
Daniel R. Walfish
Timothy J. Holland
Caroline Mansour
605 Third Avenue
New York, New York 10158
Tel.: 212-716-3293
Email: dwalfish@katskykorins.com

*Attorneys for Defendant/Counterclaim-Plaintiff AFG Companies, Inc.*

Dated: July 9, 2026

**MUNCK WILSON MANDALA, LLP**

By: /s/ Brent J. Lehman
Brent J. Lehman
1925 Century Park East
Suite 2300
Los Angeles, CA 90067
Tel.: 972-628-3616
Email: blehman@munckwilson.com

*Attorneys for Plaintiff/Counterclaim-Defendant Brand Engagement Network, Inc. and Counterclaim-Defendants Michael Todd Lucas, Patrick Nunally, Paul Chang, and Christopher Gaertner*

SO ORDERED:

Colleen McMahon

COLLEEN McMAHON, U.S.D.J.

Dated: July 13, 2026