USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAND ENGAGEMENT NETWORK, INC.,

Plaintiff,

v.

AFG COMPANIES, INC.,

Defendant.

AFG COMPANIES, INC.,

Counterclaim-Plaintiff,

v.

BRAND ENGAGEMENT NETWORK INC., MICHAEL TODD LUCAS, PATRICK NUNALLY, PAUL CHANG, and CHRISTOPHER GAERTNER,

Counterclaim-Defendants.

25 Civ. 2245 (CM)

**[~~PROPOSED~~] ORDER AUTHORIZING ALTERNATIVE SERVICE ON SHAWN D. LUCAS**

Service of any subpoena on non-party Shawn D. Lucas ("Mr. Lucas") may be effectuated by sending an email attaching a copy of such subpoena to all of the following: (1) Mr. Lucas's attorneys Matthew Yarbrough, Esq. of Buchalter LLP and Brent Lehman, Esq., of Munck Wilson Mandala, LLP, and (2) Mr. Lucas at shawndlucas@gmail.com. Service of a subpoena on Mr. Lucas will be considered complete at the time an email compliant with this Order is sent.

The request for alternative service is granted. But just so everyone understands how this will play out – if Mr. Lucas does not appear for a deposition on a date acceptable to both sides, he will NOT BE ALLOWED TO TESTIFY AT TRIAL, no matter that his name appears on the Rule 26 disclosures. Let me be completely clear about that – he will NOT BE ALLOWED TO TESTIFY AT TRIAL if he does not appear for his deposition and answer all questions that are put to him. Furthermore, if he does not appear, I will consider, as a sanction, whether to give the trier of fact an adverse inference charge as to anything to which he might have testified. I am not going to play these kinds of games. Brand Engagement identified Mr. Lucas as having relevant information on a variety of topics and listed him as a witness it intended to call. Brand Engagement can make sure he appears for his deposition.

SO ORDERED.

Colleen McMahon

COLLEEN McMAHON, U.S.D.J.

Dated: July 16, 2026.